# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GONSALVES,<br><br>    Plaintiff,<br><br>  v.<br><br>T. LE, et al.,<br><br>    Defendants. | Case No. EDCV 19-1822-ODW (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## PROCEEDINGS

On September 23, 2019, Anthony Gonsalves ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 ("Complaint").

For the reasons set forth below, the Court finds that the Complaint should be dismissed with leave to amend.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following:

    Plaintiff's 14th Amendment right to share in earning additional good conduct credits has and continued to be violated by the named Defendants based on their individual failures to correct inadequate medical records, which in essence affected the Plaintiff's custody placement and ability to attend

> firecamp. The Defendants' failure to correct the inadequate medical records in question also caused adverse custody placement determinations to be rendered. Subsequently after multiple attempts to have this matter corrected the Plaintiff also suffered the ill effects of not gaining rehabilitative firecamp training.

(Complaint at 5.) Plaintiff appears to allege that his medical records included an incorrect medical classification. He further alleges that each of the named Defendants were made aware of the mistake in Plaintiff's medical records but failed to correct it, in violation of Plaintiff's "right to have adequate and correct records maintained" under California Department of Corrections and Rehabilitation ("CDCR") policies. Plaintiff asserts that, by failing to correct his medical records, Defendants violated his Fourteenth Amendment rights to due process and equal protection. (Id. at 8-11.)

Plaintiff seeks monetary damages. (Id. at 12.)

## DISCUSSION

### I. PLEADING STANDARDS

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice;

the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

## II. THE COMPLAINT FAILS TO STATE A COGNIZABLE CIVIL RIGHTS CLAIM

Plaintiff is alleging a violation of his constitutional rights based on an alleged failure to comply with CDCR policies regarding maintenance of medical records.[1] Plaintiff appears to invoke both the Due Process and Equal Protection Clauses of the Fourteenth Amendment as the bases for his claims. Plaintiff has failed to state a cognizable civil rights claim.

In general, prison inmates do not have a protected liberty interest in freedom from alleged classification errors where such errors do not cause the inmates to be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The same principle applies to claimed due process violations arising from allegedly false information in prison documents. See Hines v. Gomez, 108 F.3d 265, 268-69 (9th Cir. 1997) ("[T]here are no procedural safeguards protecting a prisoner from false retaliatory accusations; a guard may, and often does, file an

---

[1] Plaintiff also cites to 5 U.S.C. §§ 552a(e)(5) and 552(a)(g)(1)(C) in support of his claims. (Complaint at 13.) These provisions are plainly inapplicable, as they pertain only to federal agencies. See 5 U.S.C. § 551(1). CDCR is a state agency and, therefore, these statutes do not provide a basis for liability in this action.

4

accusation solely on his own word, making his mere accusation the only 'modicum of evidence.'"); Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) ("Because Washington law provides a liberty interest in accurate prison record information in the proper case, we do not reach the question of whether in the absence of the statute, such a right is 'grounded in the due process clause' itself."); Reyes v. Supervisor of DEA, 834 F.2d 1093, 1097 (1st Cir. 1987) (no claim presented where inmate failed to allege false information maintained by police department relied upon to deprive him of constitutionally protected interest); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (Prisoners have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," so long as they are "not . . . deprived of a protected liberty interest without due process of law."); Pruett v. Levi, 622 F.2d 256, 258 (6th Cir. 1980) (mere existence of inaccuracy in FBI criminals files not state constitutional claim); Riley v. Beaulieu, No. 13-00847, 2013 WL 3968603, at *3 (E.D. Cal. July 31, 2013) ("To the extent Plaintiff believes an inaccurate prison record denies him due process, he fails to state a claim. . . . The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. . . . Liberty interests created by prison regulations are limited to freedom from restraint which 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'") (quoting Sandin, 515 U.S. at 484).

      Here, Plaintiff is alleging that his prison records contain incomplete or inaccurate information regarding his medical status. The mere presence of this allegedly incomplete or inaccurate information in Plaintiff's prison medical records does not, without more, violate Plaintiff's right to due process. Plaintiff cannot show that the collateral consequences he alleges, such as ineligibility for the firecamp program, is an atypical and significant hardship in relation to the ordinary incidents of prison life. Moreover, Plaintiff was afforded adequate

procedural due process through the prison grievance system. Thus, Plaintiff has failed to state a due process claim.

Although Plaintiff also refers to the Equal Protection Clause, he fails to state facts showing either that he was a member of a protected class, Hartmann v. California Dep't of Corrections and Rehabilitation, 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013), or that he was intentionally treated differently than similarly situated individuals without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Plaintiff also fails to state any facts to support an inference of discriminatory intent by any of the named Defendants. See Washington v. Davis, 426 U.S. 229, 239-240 (1976); Serrano, 345 F.3d at 1081-82; Freeman v. Arpio, 125 F.3d 732, 737 (9th Cir. 1997). Thus, Plaintiff also fails to state a cognizable equal protection claim.

Plaintiff's allegations that his prison medical records contain incomplete or inaccurate information, and that prison officials have failed to accurately maintain his prison records, do not give rise to a cognizable claim under Section 1983. Although it does not appear likely that Plaintiff can correct the deficiencies of his claims, the Court will grant him leave to amend in light of his pro se status. If Plaintiff chooses to file an amended complaint, he must allege facts demonstrating a cognizable civil rights claim under the standards set forth above.

\* \* \* \*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.

DATED: <u>February 25, 2021</u>

         <u>/s/ John E. McDermott</u>
         JOHN E. MCDERMOTT
         UNITED STATES MAGISTRATE JUDGE